AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone: 510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
ELIZABETH CHAVEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CHAVEZ,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | CASE NO.<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff ELIZABETH CHAVEZ complains of Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and alleges as follows:

1. **INTRODUCTION:** Defendant denied Plaintiff, a paraplegic wheelchair user, an accessible path of travel from the designated accessible parking space to the accessible entrance of the Chase Bank located at 3310 International Blvd., Oakland, California. The Chase Bank in question maintains a parking lot for bank patrons at the back of the building.  There is a designated accessible parking space in that parking lot, and there is also an entrance at the back of the building. However, the entrance at the back of the bank, close to the designated accessible parking space, requires one to climb down five stairs to reach the entrance of the bank.  There is

1. no lift or ramp serving this entrance. See photos below of the back entrance.




2. There is also a path of travel along the side of the bank which is relatively short and from the back of the building to the front of the building which has an accessible entrance. However, Defendant has erected a fence/gate which blocks patrons from traversing the path of travel around the side of the bank. Thus, Plaintiff has no choice but to risk her safety by exiting the parking lot through the vehicular path of the travel and push herself all the way around the block to the front entrance. The sidewalks she must take are cracked, not level, and difficult to traverse. Below is a Google Map which shows the path of travel that Plaintiff must take.



3. Plaintiff has been to this branch of Chase Bank many times. It is conveniently located for her to use when she visits friends and relatives in the Fruitvale neighborhood in Oakland. During her most recent visit to the Chase Bank on June 28, 2023, she was with her partner Antonio and her young daughter. They parked in the back of the Chase Bank in the accessible parking space. Plaintiff told her partner Antonio to go in the back of the bank with their child, so that he and the baby did not need to walk so far, and Plaintiff pushed herself out of the parking lot via the vehicular path of travel, went right on Farnam Street, right on 34th Avenue, right on International Boulevard, and then entered Chase Bank at the front entrance. It was a difficult path of travel, and Plaintiff was nervous taking that path of travel alone.

4. After entering the Chase Bank, Plaintiff transacted her business which included transferring money between accounts (which Plaintiff must do personally) and withdrawing cash. Plaintiff then asked her partner to pull her up the exit stairs in her wheelchair because she did not want to risk the longer accessible path of travel. The discrimination caused her, difficulty, discomfort and embarrassment. Plaintiff suffered the humiliating loss of her independence and her federal and state civil rights because the Defendant owners and operators of these particular facilities failed to provide the most basic access for disabled persons.

5. Plaintiff seeks to require Defendant to make these facilities accessible and to enact policies and procedures that ensure that the accessible features at the property are properly maintained as accessible, either by installation of a lift or by opening the gate blocking the path of travel next to the building. Plaintiff also seeks compensation for her own personal physical, mental and emotional damages due to the inaccessible condition of the path of travel to Defendant's bank. In addition to requiring that Defendant's facilities be made more accessible to disabled persons, as required by federal and state laws, Plaintiff seeks compensation for her personal damages, and recovery of statutory attorneys' fees, litigation expenses and costs incurred for bringing this action.

6. Defendant denied disabled Plaintiff ELIZABETH CHAVEZ accessible public facilities, including a compliant accessible path of travel from the designated accessible parking space to the accessible entrance to the Bank. Plaintiff ELIZABETH CHAVEZ is a "person with a

1  disability" or "physically handicapped person" who requires the use of a wheelchair for mobility.
2  She is unable to use portions of public facilities which are not accessible to mobility disabled
3  persons.  On or about June 28, 2023, Plaintiff was denied her civil rights to full and equal access
4  at the subject Chase Bank under both California law and federal law, and continues to have her
5  rights denied, because these facilities were not, and are not now, properly accessible to physically
6  disabled persons, including those who must use a wheelchair or other assistive device for mobility
7  due to the failure of Defendant owners and operators of the facilities to comply with the law.

8      7.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC
9  section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC
10 sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action
11 arising from the same facts are also brought under California law, including but not limited to
12 violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,
13 54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building
14 Code.

15     8.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is
16 founded on the fact that the real property which is the subject of this action is located in this
17 district and that Plaintiff's causes of action arose in this district.

18     9.    **INTRADISTRICT:**  This case should be assigned to the Oakland intradistrict as
19 the real property which is the subject of this action is located in this intradistrict and Plaintiff's
20 causes of action arose in this intradistrict.

21     10.    **PARTIES:**  Plaintiff was the victim of a random act of gun violence in July of
22 2019.  She is a qualified physically disabled person who cannot walk due to paraplegia, and who
23 requires use of a wheelchair for locomotion.  She also owns a disabled licensed vehicle which
24 entitles her to park in a properly configured disabled accessible parking space.  She has been
25 issued a California state placard for disabled parking.

26     11.    Defendant JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, is and
27 was the owner, operator, lessor and/or lessee of the subject business, property and buildings at all
28 times relevant to this Complaint.  Plaintiff is informed and believes that the Defendant performed

1  all acts and omissions stated herein and is responsible in some manner for the acts and omissions
2  proximately causing the damages complained of herein.

3      12.    The Chase Bank is a place of "public accommodation" and "business
4  establishment" subject to the requirements of 42 USC section 12181(7)(F) of the Americans with
5  Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California
6  Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.*  On information
7  and belief, the Chase Bank and its facilities were built after July 1, 1970, and since then have
8  undergone construction and/or "alterations, structural repairs, or additions," subjecting each such
9  facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*,
10 and, as to construction and/or alterations since January 26, 1993, to the disabled access
11 requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities
12 constructed or altered since 1982 are also subject to "Title 24," the California State Architect's
13 Regulations, also known as the California Building Code.  Further, irrespective of the alteration
14 history, such premises are subject to the "readily achievable" barrier removal requirements of
15 Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC §
16 12181(9). Further, Plaintiff's claims relate to discriminatory policies and practices, as well as
17 encountering architectural barriers, and improvement of those policies and practices is itself
18 readily achievable.

19     13.    **FACTUAL STATEMENT:** Plaintiff Elizabeth Chavez has her bank account at
20 Chase Bank.  She does the majority of her banking at Chase Bank locations. Plaintiff previously
21 lived in the Fruitvale neighborhood in Oakland, where this particular Chase Bank branch is
22 located, until November of 2022. When she lived in the Fruitvale neighborhood, Plaintiff would
23 go to this bank on a monthly basis. Even though she has moved out of the Fruitvale
24 neighborhood, Plaintiff frequently returns to the area to visit with friends and family, and she
25 often transacts business at the Chase Bank branch located at 3310 International Boulevard in
26 Oakland.

27     14.    On June 28, 2023, Plaintiff went to the Chase Bank branch to deposit money into
28 her account and get cash. Street parking in front of the Chase Bank is difficult to find, and it is not

safe for Plaintiff to disembark from her vehicle from a street parking space on a busy street like International Boulevard in Oakland.  Therefore, Plaintiff parked her vehicle in the designated accessible parking space in the parking lot in the back of the bank which is specifically designated for Chase Bank patrons.

15. Plaintiff, her partner, and her daughter got out of their vehicle.  Plaintiff saw that there were stairs to get down to the entrance of the bank at back of the building.  There was no lift or ramp to access the entrance.  Plaintiff saw that there was a pathway leading down the side of the building leading to the front of the bank.  However, she observed that there was a fence obstructing the path. There was no way for her to access that short path of travel leading to the front of the bank.

16. Plaintiff told her partner to take their daughter down the stairs and in through the back of the bank so that they would not have to take the longer path of travel which can be difficult for her daughter.

17. Then, Plaintiff pushed herself out of the parking lot via the vehicular path of travel, went right on Farnam Street, right on 34th Avenue, right on International Boulevard, and then entered Chase Bank at the front entrance. It was a long way to push for Plaintiff.  The sidewalk on this path of travel is full of cracks and is not level which makes traversing that path of travel very difficult and dangerous for Plaintiff.  Additionally, Plaintiff feels vulnerable as a disabled woman traveling alone on the sidewalk.

18. Ultimately, Plaintiff made it to the entrance of the bank on International Boulevard, entered the Bank, and transacted her business.  When she was finished, it was getting late, and the bank was closing the front entrance.  Plaintiff asked her partner to pull her up the stairs at the back entrance in her wheelchair since the front entrance was closed.  With difficulty, Plaintiff's partner was able to pull her up the stairs to the bank parking lot.

19. Even if the bank had not closed the front entrance to the bank, she would have asked her partner to at least take the cash that she withdrew from the bank out the back entrance directly to their vehicle.  She does not feel comfortable traversing the long path of travel with valuables where she may encounter criminal activity.

20. Plaintiff cannot access the Chase Bank on International Boulevard independently. In order for Plaintiff to do so, Defendant must either install a stair lift at the back entrance or open the pathway to the side of the building so that Plaintiff and other disabled patrons have a short, accessible path of travel from the designated disabled parking space to an accessible bank entrance.

21. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

22. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101** *et seq*

23. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 22 of this Complaint and incorporates them herein as if separately re-pleaded.

24. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-

sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

25. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

26. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

27. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "bank." 42 USC § 12181(7)(F).

28. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or

class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

29. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

30. The ability to safely and independently park in an accessible parking space, enter a

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

bank through the shortest possible route to transact her banking business is fundamental to enjoying and using a bank. Therefore, the benefits of creating these accessible features do not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a bank, such as the costs of ensuring fire safety.  It is thus readily achievable to remove these barriers.

31. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

32. Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Chase Bank and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

33. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff ELIZABETH CHAVEZ is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

34. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff ELIZABETH CHAVEZ is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize the Chase Bank, in light of Defendant's policies and physical premises barriers.

35. WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

36. Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 35 of this Complaint and incorporates them herein as if separately re-pleaded.

37. At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

38. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

39. Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction

contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

40. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

41. The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

42. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**THIRD CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A
PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

43. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 42, above, and incorporates them herein by reference as if separately repled hereafter.

44. Plaintiff ELIZABETH CHAVEZ and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

45. Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, Defendant and/or their predecessors in interest carried out new construction and/or alterations,

1  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has
2  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,
3  structural repairs, and/or additions which triggered access requirements at all relevant portions the
4  Chase Bank, also occurred between July 1, 1970, and December 31, 1981, and required access
5  pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to
6  the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on
7  information and belief, additions to the building after the initial construction also occurred after
8  January 1, 1972, triggering access requirements per Health and Safety Code section 19959.
9  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42
10 USC sections 12182 and 12183 of the ADA.

11       46.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and
12 omissions of Defendant as complained of herein which are continuing on a day-to-day basis and
13 which have the effect of wrongfully excluding Plaintiff and other members of the public who are
14 physically disabled from full and equal access to these public facilities.  Such acts and omissions
15 are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions
16 continue to treat Plaintiff as an inferior, and second-class citizen.  They serve to discriminate
17 against her on the sole basis that she is a person with disabilities who requires the use of a
18 wheelchair or other assistive device for movement in public places, including the addition of fully
19 compliant accessible paths of travel at the Chase Bank.

20       47.    Plaintiff is deterred from returning to use these facilities, because the lack of
21 access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff
22 is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to
23 and use of these public facilities.  Therefore, Plaintiff cannot return to patronize the Chase Bank
24 and its facilities, and is deterred from further patronage until these facilities are made properly
25 accessible for disabled persons.  Plaintiff intends to return subject premises should she need to
26 transact her financial affairs while she is in the Fruitvale neighborhood.  She will return to the
27 subject premises if it is made accessible to her.

28       48.    The acts of Defendant have proximately caused and will continue to cause

irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future.  *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendant, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

49.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

50.     **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These

1  violations have deterred Plaintiff from returning to attempt to patronize the Chase Bank and will
2  continue to cause her damages each day these barriers to access continue to be present.

3        51.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct,
4  Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by
5  statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access
6  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore
7  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the
8  provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section
9  19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities
10 accessible to all disabled members of the public, justifying "public interest" attorney fees,
11 litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure
12 section 1021.5 and other applicable law.

13      WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

14 <center>**PRAYER**</center>

15      Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this
16 Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the
17 unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless
18 Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and
19 opposing legal positions as to Defendant's violations of the laws of the United States and the
20 State of California. The need for relief is critical because the rights at issue are paramount under
21 the laws of the United States and the State of California.

22      WHEREFORE, Plaintiff ELIZABETH CHAVEZ prays for judgment and the following
23 specific relief against Defendant:

24      1.     Issue a preliminary and permanent injunction directing Defendant as current
25 owner, operator, lessor, and/or lessee of the subject property and premises to modify the above
26 described property, premises, policies and related facilities to provide full and equal access to all
27 persons, including persons with physical disabilities; and issue a preliminary and permanent
28 injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide

facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: November 13, 2023            REIN & CLEFTON

                                                */s/ Aaron Clefton*
                                              By AARON CLEFTON, Esq.
                                              Attorney for Plaintiff
                                              ELIZABETH CHAVEZ

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted

Date: November 13, 2023            REIN & CLEFTON

                                                */s/ Aaron Clefton*
                                              By AARON CLEFTON, Esq.
                                              Attorney for Plaintiff
                                              ELIZABETH CHAVEZ